**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Samuel Edeh,<br><br>Plaintiff,<br>v.<br><br>Regent Asset Management Solutions, Inc., Lisa Doe, John Taylor, and John Doe,<br><br>Defendants. | Civil No. ________________<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227 by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Samuel Edeh is a natural person who resides in the City of Rochester, County of Olmsted, State of Minnesota, and is a “consumer” as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Regent Asset Management Solutions, Inc. (hereinafter “Defendant RAMSI”) is an Colorado corporation with a Registered Office Address of Corporation Serve Company, 380 Jackson Street, #700, St. Paul, MN, 55101, which is a collection agency operating from an address of 7290 Samuel Drive, Suite 200, Denver, CO 80221, and is a “debt collector” as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Lisa Doe is a natural person who was employed at all times relevant herein by Defendant RAMSI as a collection agent and is a “debt collector” as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Taylor (hereinafter “Defendant Taylor”) is a natural person who was employed at all times relevant herein by Defendant RAMSI as a collection agent and is a “debt collector” as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant John Doe is a natural person who was employed at all times relevant herein by Defendant RAMSI as a collection agent and is a “debt collector” as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Checking Account debt with US Bank, in the approximate amount of $476.92, which was used by Plaintiff for personal, family and household purchases.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

***Collection Letter, Disputation and Request for Validation***

11. On or about October 24, 2009, a law firm hired by Defendant RAMSI, contacted Plaintiff by letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. On or about October 27, 2009, Plaintiff faxed a disputation letter to both Defendant RAMSI and their attorneys regarding the alleged debt.

13. Included in the faxed letters was Plaintiff's request for validation of the alleged debt.

14. Plaintiff requested, among other things, the name and address of the original creditor, the nature of the debt, copies of any documents (contract, loan agreement, etc.) showing that he agreed to pay such obligation, proof of his

responsibility on this debt including billing statements, as well as any and all payments made on this debt.

15. Plaintiff asked that Defendants cease all further communication until the debt was validated pursuant to 15 U.S.C. §1692g(b).

16. Plaintiff received no response from Defendant RAMSI or the law firm hired by them regarding the requested validation until on or about March 10, 2010.

***October 28, 2009 Collection Call***

17. On or about October 28, 2009, Defendant RAMSI's collector, Defendant Lisa Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During this call, Defendant Lisa Doe left an abusive voice mail saying that the matter has been referred to her or words to that effect.

19. Defendant Lisa Doe stated further that it was important that Plaintiff return a call to Mr. John Taylor and stated an 866 number for Plaintiff to call or words to that effect.

20. Defendant stated that Mr. John Taylor would be available until 7 P.M. that day and stated that the call was important.

21. This call was intended to create a false sense of urgency in Plaintiff to get him to return the call in order to collect this consumer debt.

22. Defendant Lisa Doe failed to provide the notices required by 15 U.S.C. § 1692e(11).

23. Defendants made this communication in violation of the 15 U.S.C. §1692g(b) prohibition on communication until the debt is validated.

24. This call from Defendant Lisa Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

***November 10, 2009 Collection Call***

25. On or about November 10, 2009, Defendant RAMSI's collector, Defendant Lisa Doe, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. During this call, Defendant Lisa Doe again left an abusive voice mail saying that the matter has been referred to her or words to that effect.

27. Defendant Lisa Doe stated further that it was important that Plaintiff return a call to Mr. John Taylor and stated an 866 number for Plaintiff to call or words to that effect.

28. Defendant stated that Mr. John Taylor would be available until 7 P.M. that day and stated that the call was important.

29. This call was intended to create a false sense of urgency in Plaintiff to get him to return the call in order to collect this consumer debt.

30. Defendant Lisa Doe failed to provide the notices required by 15 U.S.C. § 1692e(11).

31. Defendants made this communication in violation of the 15 U.S.C. §1692g(b) prohibition on communication until the debt is validated.

32. This call from Defendant Lisa Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

***November 11, 2009 Collection Call***

33. On or about November 1 2009, Defendant RAMSI's collector, Defendant Lisa Doe, again contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34. During this call, Defendant Lisa Doe again left an abusive voice mail saying that the matter has been referred to her or words to that effect.

35. Defendant Lisa Doe stated further that it was important that Plaintiff return a call to Mr. John Taylor and stated an 866 number for Plaintiff to call or words to that effect.

36. Defendant stated that Mr. John Taylor would be available until 7 P.M. that day and stated that the call was important.

37. This call was intended to create a false sense of urgency in Plaintiff to get him to return the call in order to collect this consumer debt.

38. Defendant Lisa Doe failed to provide the notices required by 15 U.S.C. § 1692e(11).

39. Defendants made this communication in violation of the 15 U.S.C. §1692g(b) prohibition on communication until the debt is validated.

40. This call from Defendant Lisa Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

***November 17, 2009 Collection Call***

41. On or about November 17 2009, Defendant RAMSI's collector, Defendant Taylor, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

42. During this call, Defendant Taylor left an abusive voice mail saying that he was calling to verify information regarding a file sent to his office.

43. Defendant Taylor requested Plaintiff return the call when Plaintiff received the message.

44. Thereafter, Defendant Taylor left an 866 number for Plaintiff's return call.

45. This call was intended to create a false sense of urgency in Plaintiff to get him to return the call in order to collect this consumer debt.

46. Defendant Taylor failed to provide the notices required by 15 U.S.C. § 1692e(11).

47. Defendants made this communication in violation of the 15 U.S.C. §1692g(b) prohibition on communication until the debt is validated.

48. This call from Defendant Taylor Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

***November 27, 2009 Collection Call***

49. On or about November 27 2009, Defendant RAMSI's collector, Defendant John Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

50. Defendant John Doe called Plaintiff's cell phone.

51. Plaintiff, confused at the identity of the caller and the purpose thereof inquired as to Defendant's identity.

52. Defendant stated only that he was with Regent calling on behalf of US Bank.

53. Defendant John Doe stated that Plaintiff had an account in Defendant's office.

54. Defendant John Doe failed to provide the notices required by 15 U.S.C. § 1692e(11).

55. Plaintiff stated that he did not take collection calls on his cell phone.

56. Thereafter, Defendant Doe began to breakup eventually terminating the call.

57. Defendants made this communication in violation of the 15 U.S.C. §1692g(b) prohibition on communication until the debt is validated.

58. This call from Defendant John Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

***Plaintiff Withdraws Cell Phone Contact Permission***

59. On or about November 27, 2009 shortly after, Defendant RAMSI's collector, Defendant John Doe, contacted Plaintiff by telephone in an effort to collect this debt, Plaintiff faxed a letter to Defendants.

60. This letter explicitly rescinded any permission Plaintiff may have given, explicit or implicit, to be contacted by cell phone in an attempt to collect this debt.

***Illegal Autodialed Collection Calls***

61. During a period from November 27, 2009 continuing on and through approximately March 17, 2010, Defendants made a series of illegal autodialed and other collection calls to Plaintiff's cell phone in an effort to collect this debt, each of which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

62. These messages came from Defendant Lisa Doe using a pre-recorded voice asking Plaintiff to return a call to Defendant Taylor at an 866-telephone number and failed to contain the notices required under 15 U.S.C. § 1692e(11).

63. Defendant Lisa Doe also left information regarding the nature of the call and attempted to create a false sense of urgency in Plaintiff in an attempt to get him to return her calls in violation of the FDCPA.

64. Each message failed to disclose the true purpose of the communication in violation of the FDCPA.

65. The prerecorded and autodialer messages from Defendant Lisa Doe also violated both state and federal autodialer laws.

66. These collection calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

***Autodialer Violations***

67. Plaintiff received several autodialed message collection calls on his cell phone from Defendant RAMSI which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

68. Federal and Minnesota law prohibits Defendants' use of autodialed messages using a pre-recorded and/or synthesized voice during messages to Plaintiff, unless the subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message. Minn. Stat. § 325E.27; 47 U.S.C. § 227.

69. Plaintiff is a telephone "subscriber" as that term is defined by Minn. Stat. §325E.26, subd. 5.

70. Defendant RAMSI is a "caller" as that term is defined by Minn. Stat. § 325E.26, subd. 3.

71. Plaintiff explicitly withdrew permission from RAMSI to call his cell phone in an attempt to collect this alleged debt.

72. Thereafter, Plaintiff did not knowingly or voluntarily request, re-consent to, re-permit, or re-authorize the receipt of any messages from Defendants through the use of any "automatic dialing-announcing device" (hereinafter "autodialer") as that term is defined by Minn. Stat. § 325E.26, subd. 2.

73. Defendant RAMSI's use of an unauthorized autodialer to transmit information to Plaintiff was done in violation of Minnesota law and affords Plaintiff a private right of action to recover damages, as provided for under in Minn. Stat. § 8.31.

74. The above-detailed conduct by Defendant RAMSI in contacting Plaintiff in an effort to collect this debt through the illegal use of an auto-dialer using a pre- recorded voice, was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f, amongst others, the TCPA, as well as a violation of Minn. Stat. § 325E.27, and affords Plaintiff the right to recover as provided by Minn. Stat. § 8.31 et seq. and 47 U.S.C. §§ 227 et seq.

75. Defendant RAMSI's collection communications on these autodialed messages also failed to verbally identify themselves during collection calls as debt collectors attempting to collect a debt in violation of 15 U.S.C. § 1692e(11).

***Summary***

76. All of the above-described collection communications made to Plaintiff by these Defendants were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the above-cited provisions.

77. All of the above-described collection communications made to Plaintiff by Defendant Lisa Doe, Defendant Taylor, Defendant John Doe, and other collection employees employed by Defendant RAMSI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), 1692f, and 1692g(b) amongst others.

78. During their collection communications, Defendants and these individual debt collectors employed by Defendant RAMSI repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

79. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA resulted in damages to Plaintiff.

### *Respondeat Superior Liability*

80. The acts and omissions of Defendant Lisa Doe, Defendant Taylor, Defendant John Doe and the other debt collectors employed as agents by Defendant RAMSI who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RAMSI.

81. The acts and omissions by Defendant Lisa Doe, Defendant Taylor, Defendant John Doe and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant RAMSI in collecting consumer debts.

82. By committing these acts and omissions against Plaintiff, Defendant Lisa Doe, Defendant Taylor, Defendant John Doe and these other debt collectors were motivated to benefit their principal, Defendant RAMSI.

83. Defendant RAMSI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

84. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

87. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. § 227 et seq.**

88. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to Plaintiff.

90. As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

**COUNT II.**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 et seq.**

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;
- for an award of statutory damages of $500.00, or $1,500.00 for their willful violations, pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff, for each and every violation thereof;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;
- for such other and further relief as may be just and proper.

***Signature Block Follows***

Dated: July 20, 2010

Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By: **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone: (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

**Attorney for Plaintiff**

csw

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA )
) ss
COUNTY OF Olmsted )

Plaintiff Samuel Edeh, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

[signature]
Samuel Edeh

Subscribed and sworn to before me
this 20 day of July, 2010.

[signature]
Notary Public

CONNIE SUE WILEMAN
Notary Public-Minnesota
My Commission Expires Jan 31, 2014